Whitaker, Judge,
dissenting:
The Economy Act of March 20,1933, reduced the wages of all Government employees 15 percent. By the Act of March 28, 1934, 5 percent of the pay cut was restored for the remainder of the current fiscal year, and another 5 percent for the following fiscal year. It was called to the attention of Congress, however, that the wages of the per diem employees had been reduced more than 15 percent by the device of laying them off one day every two weeks. To take care of this Congress enacted section 23, providing:
The weekly compensation, minus any general percentage reduction which may be prescribed by Act of Congress, * * * shall be reestablished and maintained at rates not lower than necessary to restore the full weekly earnings of such employees in accordance with the full-time weekly earnings under the respective wage schedules in effect on June 1,1932 * * *.
Evidently this section had no application to an employee paid on a monthly or annual basis because there had been no reduction in the wages of such employee except the general 15 percent reduction, and, therefore, so far as such employee was concerned, the provision accomplished nothing. But it did operate to restore the former wages of the per diem employee “minus any general percentage reduction which may be prescribed by Act of Congress.” The “weekly compensation” of these employees had been reduced by the one-day *267 lay-off every two weeks. This section restored that cut. It had no other effect.
This was the main purpose of the section; the proviso was inserted to prevent the section’s being availed of to increase the hours of labor of these per diem employees.
I do not think any part of the section was intended to have any effect on employees paid on a monthly or annual basis.
The section was adopted as the result of the agitation of Mr. Alif as, who was pleading the cause of per diem workers. The language used by Congress must be construed, it seems to me, in the light of the situation it was trying to remedy. It ought not to be held to include other employees since the provision of the Act to restore wages had no effect whatever on the salaries of employees on a monthly or annual basis.
It seems to me, too, that Congress must have known that employees of the Canal Zone paid on a monthly or annual basis were not given any additional compensation for overtime work. The President’s Executive Order plainly stated this. It is also true that the Army and Navy Departments did not pay extra compensation for overtime work of such employees, and this had been the rule in those departments for many years. The fact that the Secretary said that in cases of extraordinary emergency they were not paid extra compensation when required to work overtime does not seem to make any difference. Whether overtime work was only in an extraordinary emergency or was habitual does not seem to me to affect the employee’s right to extra compensation, if he in fact worked overtime, for whatever cause. Clearly, such employees in the Panama Canal Zone and such employees in the Army and Navy did not receive extra compensation when they did work overtime, and since this has been the practice over many years Congress presumably knew it. If so, and if Congress desired that they should have extra compensation for overtime labor, it seems to me that it would have used language to explicitly include them.
I do not think section 23 has any application to plaintiff and, therefore, he is not entitled to recover.
It is true that the construction of section 23 by the Comptroller General and its administration by the Governor of *268 the Panama Canal Zone did produce confusion, as the majority opinion says, but no confusion results if it is held that section 23 has no application to such employees at all, and this I think is the correct view to take.
Jones, Judge, took no part in the decision of this case.